**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

Alexander Guerrero, individually and )
on behalf of all others similarly situated, )
  )
    Plaintiff, )
  )    No. 4: 23 CV 690 RLW
  )
PIM Brands, Inc., )
  )
    Defendant. )

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant PIM Brands, Inc.'s ("PIM") motion

to dismiss for failure to state a claim and other grounds pursuant to Federal Rules of Civil

Procedure 12(b)(1) and (6), or to strike plaintiff's multi-state class allegations.  (Doc. 13.)

Plaintiff opposes the motion, and defendant has replied.  The Court will grant the motion

and dismiss the complaint for the reasons set forth below.

**I.  Background**

In his complaint, Plaintiff Alexander Guerrero alleges he is a citizen of St. Louis

County, Missouri, and that he purchased Sour Jacks candy ("Sour Jacks" or "Product") at

locations, including Dollar Tree near where he lives, between June 2021 and the present,

among other times.  (Doc. 1, ¶¶ 29, 35.)  He alleges he is a repeat purchaser of the Sour

Jacks product.  He claims that he expected the container to "contain more candy wedges

than it did" and that "he was disappointed when he opened the box and saw the box was

mostly empty." *Id.*, ¶¶ 37-38. Plaintiff claims he "would not have purchased the Product

if he knew the box would be mostly empty or would have paid less for it" and the

"Product was worth less than what Plaintiff paid." *Id.*, ¶¶ 41-42.  The Complaint includes a depiction of the front label of the Sour Jacks box Plaintiff allegedly purchased. *Id.,* ¶ 8.

Plaintiff alleges that 3.5-ounce boxes of Sour Jacks candy manufactured and distributed by PIM contain non-functional "slack fill," i.e., unfilled space in a food container, such as a bag or a box,  such that he and other consumers were misled as to the amount of product in the box.  Plaintiff asserts six claims on behalf of consumers from seven states (Missouri, Arkansas, Mississippi, Oklahoma, Kansas, Nebraska and Iowa) for (1) violation of the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.10, *et seq*. ("MMPA"); (2) violation of six state consumer protection statutes on behalf of consumers from six states other than Missouri; (3) breach of express warranty, implied warranty and violation of the Magnuson Moss Warranty Act, 15 U.S.C. § 2301, *et seq.* ("MMWA"); (4) negligent misrepresentation; (5) fraud; and (6) unjust enrichment.

Plaintiff seeks certification on behalf of two classes. *Id.* ¶ 45. The "Missouri Class" is defined as "All persons in the State of Missouri who purchased the Product during the statutes of limitations for each cause of action alleged." *Id*.  The second class, the "Consumer Fraud Multi-State Class" is defined as "All persons in the States of Arkansas, Mississippi, Oklahoma, Kansas, Nebraska, and Iowa who purchased the Product during the statutes of limitations for each cause of action alleged." *Id*.

## II. Discussion

"To survive a motion to dismiss for failure to state a claim, the complaint must show the plaintiff 'is entitled to relief,' Fed. R. Civ. P. 8(a)(2), by alleging 'sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *In re Pre Filled Propane Tank Antitrust Litig.*, 860 F.3d 1059, 1063 (8th Cir. 2017) (en banc) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  In reviewing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the Court accepts all factual allegations as true and construes all reasonable inferences in the light most favorable to the nonmoving party.  *Usenko v. MEMC LLC*, 926 F.3d 468, 472 (8th Cir.), *cert. denied*, 140 S. Ct. 607 (2019).  The Court need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts.  *Waters v. Madson*, 921 F.3d 725, 734 (8th Cir. 2019).  The complaint "must allege more than '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements'" and instead must "allege sufficient facts that, taken as true, 'state a claim to relief that is plausible on its face.'"  *K.T. v. Culver Stockton Coll.*, 865 F.3d 1054, 1057 (8th Cir. 2017) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).  A facially plausible claim is one "that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged."  *Wilson v. Ark. Dep't of Human Servs.*, 850 F.3d 368, 371 (8th Cir. 2017) (internal quotation omitted).  This "standard asks for more than a sheer possibility that a defendant has acted unlawfully, or more than a mere possibility of misconduct."  *Id.* (cleaned up).

    **1.  Missouri Merchandising Practices Act ("MMPA")**

Defendant argues Plaintiff's MMPA claim fails because he cannot allege, as a matter of law, that the Sour Jacks packaging is deceptive to a reasonable consumer; and

(2) he cannot plausibly demonstrate he suffered an ascertainable loss.  In support, Defendant notes the net weight of the box's contents is clearly and conspicuously disclosed on the front panel, and the number of servings and number of pieces per serving are clearly and conspicuously disclosed in the Nutrition Facts on the back panel. Defendant cites cases, including from this District, that have dismissed slack fill claims under the reasonable consumer test based on facts similar to those alleged here.  *See e.g.*, *Bell v. Annie's, Inc.*, No. 4:22-CV-1367-MTS, 2023 WL 3568623 (E.D. Mo. May 18, 2023); *Abbott v. Golden Grain Co.*, No. 4:22-CV-1240-SRC, 2023 WL 3975107 (E.D. Mo. June 13, 2023).   Defendant further contends Plaintiff cannot demonstrate an "ascertainable loss," necessary to state an MMPA claim, because the Sour Jacks' packaging contains the explicit disclosures noted above.  Defendant argues Plaintiff's status as a repeat purchaser precludes any plausible allegation that any empty space in the box caused him an ascertainable loss, given that he was fully aware of the contents of the package and any empty space at the time of his initial and subsequent purchases.  The Court agrees.

The MMPA declares unlawful "[t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice, or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce." Mo. Rev. Stat. § 407.020(1). The MMPA is enforced both by the attorney general and by a private right of action for damages. Mo. Rev. Stat. §§ 407.020(4), 407.025(1). To recover damages under the

MMPA, a private plaintiff must allege and prove that she "(1) purchased merchandise . . . from [the defendant]; (2) for personal, family, or household purposes; and (3) *suffered an ascertainable loss of money or property*; (4) as a result of an act declared unlawful under the [MMPA]." *Goldsmith v. Lee Enter., Inc.,* 57 F.4th 608, 615 (8th Cir. 2023) (emphasis added, quotation omitted); *Hennessey v. The Gap, Inc.,* 86 F.4th 823 (8th Cir. 2023).

Here, where the claim accrued after August 28, 2020, when the MMPA was amended, a plaintiff must also establish (a) that he acted as a reasonable consumer would in light of all circumstances; (b) that the method, act, or practice declared unlawful would cause a reasonable person to enter into the transaction that resulted in damages; and (c) individual damages with sufficiently definitive and objective evidence to allow the loss to be calculated with a reasonable degree of certainty. *Bell*, 2023 WL 3568623, at *3; *see also Abbott*, 2023 WL 3975107, at *4. "[D]ismissal of [an MMPA] claim[] is appropriate where the plaintiff fails to show the likelihood that a reasonable consumer would be deceived." *See Martin v. Wrigley*, No. 4:17-cv-00541-NKL, 2017 U.S. Dist. LEXIS 175502, *13-14 (W.D. Mo. Oct. 24, 2017) (citing *Gen. Mills. Glyphosate Litig.*, 2017 U.S. Dist. LEXIS 108469, at *6 (D. Minn. Jul. 12, 2017).

Here, the Sour Jacks packaging discloses the net weight on the front label, "NET WT 3.5 (99 g)." The number of servings and number of pieces per serving are also stated in the Nutrition Facts panel on the back of the package, clearly indicating that there are about 3.5 servings per box with a serving size of about 9 pieces. *See* Doc. 1, ¶ 8

(depiction of front label of Sour Jacks box); *see also* Ex. 1[1] (front and back label of the

Sour Jacks box). Therefore, Plaintiff knows, and knew at the time of purchase, how many

pieces are in the box and exactly what he was purchasing. The Court concludes the Sour

Jacks product here is not deceptive to a reasonable consumer in light of the accurate and

express disclosures of the net weight, number of servings, and number of pieces per box.

Another court in this District recently dismissed MMPA claims in a non-

functional slack fill case under the reasonable consumer test under facts weaker than

those alleged here. In that case, the packaging of the boxes of fruit snacks disclosed the

net weight and number of pouches in the box, but not the number of pieces per pouch.

*See Bell*, 2023 WL 3568623, at *3.  The court stated:

> Plaintiff has not plausibly alleged he acted as a reasonable
> consumer would in light of all circumstances. The Complaint
> lacks any plausible explanation as to why a reasonable consumer
> would not understand that the box, which stated three times that
> it contained five pouches of fruit snacks and two times that they
> weighed a total of four ounces, meant exactly what it said.
> Regardless of why this Plaintiff did not understand the
> elementary statements explaining the box's contents, the Court
> concludes a reasonable consumer— one using 'that degree of
> care that an ordinarily careful person would use under the same
> or similar circumstances'—would see the statements and
> understand them.

---

[1] As a general rule, matters outside the pleadings may not be considered in ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6) unless the motion is converted to one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). When a document is referred to in the pleadings and is integral to the claims, such as the case here, it may be considered without converting a motion to dismiss into one for summary judgment. *Great Plains Trust Co. v. Union Pac. R.R.*, 492 F.3d 986, 990 (8th Cir. 2007); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

*Id.  See also See Klausner v. Annie's, Inc.*, 581 F. Supp. 3d 538, 548 (S.D.N.Y. 2022) (dismissing claims under reasonable consumer test brought against same product considered in *Bell* due to accurate disclosures of net weight and number of pouches on the labels of the boxes).

Here, the facts are more compelling than in *Bell* and *Klausner* because not only is the net weight of the contents of the box displayed on the front label, but the number of servings and number of individual pieces in each serving is also clearly disclosed in the Nutrition Facts panel on the back label. *See* Ex. 1. As such, there is more information available to a consumer purchasing Sour Jacks than in *Bell* and *Klausner*, negating the possibility that a reasonable consumer purchasing Sour Jacks would be misled.

Even assuming Plaintiff had sufficiently alleged that the Sour Jacks box is deceptive to a reasonable consumer, his MMPA claim fails because he cannot establish "[a]n ascertainable loss of money or property [which] is an essential element of a cause of action brought under the MMPA." *Thompson v. Allergan USA, Inc.*, 993 F. Supp. 2d 1007, 1012 (E.D. Mo. 2014) (citing *Grawitch v. Charter Commc'ns, Inc.*, No. 4:12CV01990 AGF, 2013 WL 253534, at *3 (E.D. Mo. Jan. 23, 2013). Missouri courts apply the "benefit of the bargain" rule when determining if a plaintiff has suffered an ascertainable loss under the MMPA. *Id*. (citation omitted). Under the rule, the court assesses "the difference between the value of the product as represented and the actual value of the product as received." *Id.* Plaintiff cannot establish such a difference in value

here because as stated earlier, there was no difference between the amount of product represented on the Sour Jacks box and what Plaintiff actually received, and Plaintiff's status as a repeat purchaser negates any plausible inference that he was deceived regarding the amount of product contained in the box.

Plaintiff's allegation that the "[p]roduct was worth less than what Plaintiff paid, and he would not have paid as much absent Defendant's use of an excessively large box," is undermined by the disclosures on the Sour Jacks box. *Compare* Doc. 1, ¶ 42 with Ex. 1. Plaintiff does not allege that he received less than the disclosed amounts, he therefore received what he bargained for and cannot plausibly plead an ascertainable loss. *Cf. Thompson*, 993 F. Supp. 2d at 1012-13 (dismissing MMPA claim because plaintiff received exact quantity of eye drops advertised).

Further, Plaintiff's claim also fails in light of his status as a repeat purchaser. The "plain language of the MMPA requires a causal connection between the ascertainable loss and the [alleged] unfair or deceptive merchandising practice." *Owen v. Gen. Motors Corp.*, 533 F.3d 913, 922 (8th Cir. 2008). Missouri courts have dismissed claims for failure to establish an ascertainable loss caused by the defendant's conduct where, as here, the plaintiff was aware of an allegedly deceptive practice but continued purchasing the product anyway. *See Bratton v. Hershey* Co., No. 16-4322, 2018 WL 934899 at *3 (W.D. Mo. Feb. 16, 2018) (plaintiff could not establish an injury for purposes of proving MMPA claim because a plaintiff who did not care about an allegedly misleading marketing practice, or who knew about the practice and purchased the products anyway,

was not injured by the practice; plaintiff's continued purchases of the candy boxes despite his knowledge of how much purported slack fill they contained is "fatal to his MMPA claim."); *White v. Just Born, Inc.*, No. 2:17-cv-04025-NKL, 2018 WL 3748405, at *6 (W.D. Mo. Aug. 7, 2018) (finding consumers who knew how much empty space was in defendant's candy boxes but purchased them anyway suffered no injury; holding that no injury was suffered where consumer knew how much slack fill was in a candy box before he purchased it); *see also Wullscheleger v. Royal Canin USA, Inc.*, No. 19-00235-CV-W-GAF, 2022 WL 1164662, at *3 (W.D. Mo. March. 22, 2022) (holding plaintiffs' continued purchases of the purportedly deceptive products and admission that they would purchase more supports conclusion that defendant had not caused plaintiffs' injuries.); *State ex rel. Coca-Cola Co. v. Nixon*, 249 S.W.3d 855, 862 (Mo. 2008) (en banc) (holding that consumers who continued to purchase Diet Coke® despite knowing of an alleged misleading marketing practice suffered no injury).

Here, as in the above-noted cases, Plaintiff cannot plausibly claim he suffered an ascertainable loss that was caused by Defendant's allegedly deceptive conduct because he is a repeat purchaser of Sour Jacks.  (Doc. 1, ¶ 35.) He therefore had knowledge of the purported empty space in the Sour Jacks box based on his purchases yet continued to buy the Product anyway.

### 2.    Standing

Plaintiff also brings multi-state class allegations under the consumer protection statutes of six other states, Arkansas, Mississippi, Oklahoma, Kansas, Nebraska, and

Iowa.  Defendant argues the claims should be dismissed because Plaintiff lacks standing

to assert claims under any state consumer fraud laws other than Missouri because he

neither resides in nor made purchases in those other states.  The Court agrees.

In order to have standing to bring a claim under a specific consumer protection

statute there must be a geographical nexus between the plaintiff and the asserted claim.

*See Moore v. Compass Grp. USA, Inc*., No. 4:18-CV-01962-SEP, 2022 WL 4598558, at

\*11 (E.D. Mo. Sept. 30, 2022) ("As a general rule, a class member who resides and is

injured in Illinois cannot bring a claim under the MMPA; nor could a class member who

resides and is injured in Missouri bring a claim under the ICFA."). Accordingly, courts

have dismissed at the pleading stage efforts by plaintiffs to maintain claims for violation

of consumer protection statutes of states where they neither reside nor purchased the

products at issue. *See, e.g., Dennis v. Ralph Lauren Corp*., No. 16CV1056-WQH-BGS,

2016 WL 7387356, at \*5 (S.D. Cal. Dec. 20, 2016) (Plaintiff lacked standing to bring

claims under foreign state consumer protection laws because she did not allege that she

purchased any goods from Ralph Lauren outlet stores outside of California or how she

suffered a cognizable injury due to Ralph Lauren's alleged violation of laws of other

states.); *Phillips v. Hobby Lobby Stores, Inc.*, No. 2:16-CV-837-JEO, 2016 WL

11272150, at \*4 (N.D. Ala. Oct. 21, 2016) (concluding it was evident from the complaint

that plaintiffs had not experienced an injury that may be redressed via the laws of any

state other than Alabama where they resided; plaintiffs failed to allege sufficient facts to

demonstrate standing to assert claims under the deceptive trade practices statutes of states

other than Alabama.); *Rael v. Dooney & Bourke, Inc.*, No. 16CV0371 JM(DHB), 2016 WL 3952219, at \*5 (S.D. Cal. July 22, 2016) (dismissing multi-state consumer protection claim where plaintiff had not alleged she made any purchases from the D&B outlet stores outside of California); *In re Takata Airbag Prods. Liab. Litig.*, WL 1266609, at \*4 (S.D. Fla. Mar. 11, 2016) (named plaintiff lacked standing to assert legal claims on behalf of a putative class pursuant to state law under which the named plaintiff's own claims do not arise). In light of the lack of any geographical nexus between Plaintiff and the six other states, the Court concludes Plaintiff lacks standing to bring non-Missouri claims.

### 3.   Breach Of Express Warranty, Implied Warranty, and MMWA

Defendant contends Plaintiff's breach of express warranty, implied warranty, and MMWA claims should be dismissed because Plaintiff failed to provide PIM and the immediate retailer from whom he purchased the Product directly with timely pre-suit notice of the alleged breach.  The Court agrees.

Missouri has adopted the Uniform Commercial Code which "requires pre-suit notice to the seller." *Vogt v. K&B Auto Sales, LLC*, No. 4:22-cv-385-SRC, 2022 U.S. Dist. LEXIS 162099, at \*10 (E.D. Mo. Sep. 8, 2022) (citing *Budach v. NIBCO, Inc.*, No. 14-CV-04324, 2015 U.S. Dist. LEXIS 150714, at \*12 (W.D. Mo. Nov. 6, 2015))). "'The purpose of this requirement is to provide the seller with an opportunity to correct any defects, prepare for litigation, and prevent stale claims.'" *Id.* at \*8 (quoting *Kansas City v. Keene Corp.*, 855 S.W.2d 360, 369 (Mo. 1993)). Another purpose underlying the pre-

suit notice requirement is "to facilitate an effort to negotiate a settlement." *Huskey v. Colgate-Palmolive Co.*, 486 F. Supp. 3d 1339, 1348 (E.D. Mo. 2020).

In order to satisfy his notice obligations to maintain a breach of warranty claim, Plaintiff was required to provide pre-suit notice to both PIM and the "immediate seller" who sold him the Sour Jacks product on the occasions he bought it. *Abbott*, 2023 WL 3975107, at *8; Doc. 1, ¶ 35. Plaintiff's allegation in his complaint that he "provided or provides notice to Defendant, its agents, representatives, and their employees, " Doc. 1, ¶ 72,  is insufficient to establish that he provided *pre-suit* notice to either PIM before filing suit, or the immediate sellers of the products, as required by Missouri law. *See, e.g.*, *Abbott,* 2023 WL 3975107, at *8; *May v. Makita U.S.A., Inc.*, No. 1:22-CV-79-SNLJ, 2023 WL 417487, at *6 (E.D. Mo. Jan. 26, 2023) (dismissing breach of express warranty claim where plaintiff did not allege that he gave pre-suit notice to either the direct seller where he purchased the product or to defendant-manufacturer.).   Therefore, Plaintiff's breach of express warranty claim will be dismissed.

Defendant also contends Plaintiff's breach of express and implied warranty and MMWA claims fail as a matter of law.  It argues generally that Plaintiff's common law claims fail for the same reason his MMPA claim fails, i.e., they rely on the same implausible theory of deception.

To state a claim for breach of express warranty under Missouri law, Plaintiff must plead, among other things: (1) PIM sold the Product to Plaintiff; (2) PIM made a statement of fact about the Product; and (3) the Product did not conform to that statement.

*Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 122 (Mo. 2010) (citing Mo. Rev. Stat. § 400.2-313(1)(a)).

Plaintiff has not alleged that PIM made "a statement of fact" about the Sour Jacks box that the product did "not conform to." Instead, Plaintiff alleges that PIM "marketed [Sour Jacks] as if it contained an amount of candy wedges that had a reasonable relationship to the packaging in which they were presented." Doc. 1, ¶ 75. Plaintiff's allegation is not an express statement of fact.  Courts have rejected claims that the size of the packaging can constitute an express warranty regarding the amount of contents in the package when faced with express representations on the product label itself about the contents. *See e.g., Bell*, 2023 WL 3568623, at \*7 ("It is unclear to the Court how the mere size of a box could be an *express* affirmation or promise"; fruit snacks box which expressly stated it contained five pouches of fruit snacks totaling four ounces, did not create a warranty term, affirmation or promise, that by the box size alone, actually contained more fruit snacks than it expressly stated it contained.") (emphasis in original). Likewise, the express disclosures here of the net weight, number of servings, and number of pieces per serving negates any plausible allegation that the box size alone constitutes an express warranty which was breached.

To state a claim for breach of implied warranty, Plaintiff must show that the Sour Jacks "(a) was not fit for ordinary purposes for which it was used; (b) was not adequately contained, packaged, or labeled; or (c) did not conform to the promises or affirmations of fact made on the container or label." *Grantham v. Wal-Mart Stores, Inc.*, No. 08-3466-

CV-S-GAF, 2012 WL 12898186, at *3 (W.D. Mo. Feb. 28, 2012). Here, Plaintiff does not allege that Sour Jacks are not fit for human consumption because he is a repeat purchaser who consumed the product multiple times. *Cf. Penrose v. Buffalo Trace Distillery, Inc.*, No. 4:17CV294 HEA, 2018 WL 705054, at *6 (E.D. Mo. Feb. 5, 2018) (dismissing breach of implied warranty claim where the products at issue were food products, and Plaintiffs' allegations gave no reason to believe that the products were unfit for their ordinary purpose: consumption as food by humans.). Similarly, here there is no plausible allegation that the Sour Jacks were inadequately labeled or packaged or did not conform to the package descriptions in light of the conspicuous disclosures of net weight, serving size, and number of pieces per serving, which Plaintiff does not allege he did not receive.

Plaintiff's claim under the Magnuson-Moss Warranty Act ("MMWA") also fails as matter of law.  The MMWA defines a warranty as a "written affirmation of fact or written promise" that a product will be "defect free or will meet a specified level of performance over a specified period of time." 15 U.S.C. § 2301(g). Plaintiff fails to allege any "written affirmation of fact or written promise" in his complaint. Additionally, since Plaintiff's MMWA claim is derivative of his other warranty claims, because the other warranty claims fail, his MMWA claim likewise will be dismissed. *See e.g., Bell*, 2023 WL 3568623, at *8 (dismissing MMWA claim after concluding plaintiff did not state a claim for a breach of warranty under Missouri law); *Perry v. Manna Pro Prod., LLC*, No. 4:22-CV-127-AGF, 2022 WL 3585611, at *3 (E.D. Mo. Aug. 22,

- 14 -

2022)("Plaintiff's claim under the Magnuson-Moss Warranty Act ("MMWA") claim rises and falls with its breach of express warranty claim").

### 4.    Negligent Misrepresentation

Defendant asserts Plaintiff's negligent misrepresentation and fraud claims fail as a matter of law because: (1) he does not allege with particularity any fact that PIM negligently or intentionally misrepresented; and (2) he does he allege any applicable exception to the economic loss rule, which is necessary to recover under his deceit claims.

To state a claim for negligent misrepresentation under Missouri law, plaintiff must allege:(1) the defendant supplied information in the course of his business; (2) because of a failure by defendant to exercise reasonable care, the information was false; (3) the information was provided by the defendant to the plaintiff in a particular business transaction; and (4) the plaintiff relied on the information and thereby suffered a pecuniary loss. *Meng v. CitiMortgage, Inc.*, No. 4:12-CV-514 CAS, 2013 WL 1319008, at *8 (E.D. Mo. Mar. 29, 2013).

The Court concludes Plaintiff's this claim, too, fails as a matter of law. Plaintiff makes no allegation that PIM "provided him with false information" in light of the accurate disclosures of the net weight, serving size, and number of pieces per serving on the Sour Jacks label. *See id*. (dismissing negligent misrepresentation claim because there were no allegations in the complaint that defendants provided him with false information."). *Cf. Bell*, 2023 WL 3568623, at *8 ("Because the Court has concluded that

Plaintiff failed to state a claim under the MMPA, Plaintiff has also failed plausibly to allege Defendant provided any false information.").

### 5.     Fraud

Plaintiff's fraud claim fails as a matter of law for the same reasons as his MMPA and warranty claims; he fails to allege that PIM provided him with false information on the Sour Jacks box or intended to deceive him. The Sour Jacks box clearly discloses the net weight, serving size, and number of pieces per serving, thus, negating any plausible allegation of fraud or intent to deceive by PIM. *See Bell*, 2023 WL 3568623, at *8; *Abbott*, WL 3975107, at *10.  Plaintiff's fraud claim will be dismissed.

### 6.   Unjust Enrichment

Defendant finally contends Plaintiff's unjust enrichment claim fails because it is based on the same inadequate allegations and liability theories as his other claims. To establish an unjust enrichment claim, Plaintiff must show that (1) that the defendant was enriched by the receipt of a benefit; (2) that the enrichment was at the expense of the plaintiff; and (3) that it would be unjust to allow the defendant to retain the benefit. *See Miller v. Horn*, 254 S.W.3d 920, 924 (Mo. App. 2008).

Plaintiff cannot allege any unjust retention of benefit by PIM because Plaintiff received exactly the amount of Sour Jacks product the box disclosed he would receive at the time of his purchases.  *See e.g., Abbott*, 2023 WL 3975107, at *10; *Bell*, 2023 WL 3568623, at *8. *see also Thompson*, 993 F. Supp. 2d at 1013; *Martin*, 2017 WL 4797530, at * 6.  This claim fails as a matter of law.

- 16 -

### III. Conclusion

For the reasons set forth above, the Court grants defendant's motion and dismisses the complaint in its entirety.

Accordingly,

**IT IS HEREBY ORDERED** that defendant PIM Brands, Inc.'s motion to dismiss is **GRANTED.** (Doc. 13.)

A separate order of dismissal will accompany this Memorandum and Order.

_Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 9th day of July, 2024.